# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MOHAMED BANDJAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV412-059 |
| CAMERON COUNTY, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Proceeding *pro se*, Mohamed Bandjan seeks to sue under 42 U.S.C. § 1983 a Texas sheriff, county, prosecutors, and investigator over the hardships he suffered from being compelled to testify against a "high ranken [sic] Mexican mafia member" in a Brownsville, Texas prosecution. Doc. 1-1 at 6. Incarcerated in a Folkston, Georgia prison on a conviction here not relevant, Bandjan wants this Court to direct the local Texas prosecutor to file a motion aimed at reducing his sentence in return for his cooperation. He also wants the local county to give him $3,500 so his family can visit him. Finally, he seeks a "reasonable

settlement for the hardship [he] went through in Brownsville, Texas." *Id.* at 10.

Because his claims arise from events that transpired in Brownsville, Texas, and the defendants are located there, the proper forum for this case is the United States District Court for the Southern District of Texas, 28 U.S.C. § 1391(b) (venue); 28 U.S.C. § 1406 (permitting district courts to dismiss or transfer cases suffering from venue defects), where Bandjan has another proceeding pending, *Bandjan v. Cameron County*, 1:12-cv-00017 (S.D. Tex. Filed Jan. 25, 2012).[1] Accordingly, this case should be transferred to the Southern District of Texas for all further proceedings.

**SO ORDERED** this 28th day of February, 2012.

/s/␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣␣
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] As was recently explained,

> [v]enue in a federal question case lies in the district in which any defendants reside or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Public officials "reside" in the county in which they serve for purposes of venue in a suit challenging official acts. *Wichert v. Caruso*, 2007 WL 2904053, * 3 (W.D. Mich. 2007), *citing, Butterworth v. Hill*, 114 U.S. 128, 132, 5 S.Ct. 796, 29 L.Ed. 119 (1885), and *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir.), *cert. denied*, 411 U.S. 964, 93 S.Ct. 2142, 36 L.Ed.2d 685 (1973).

*Proctor v. Applegate*, 661 F. Supp. 2d 743, 781 n. 2 (E.D. Mich. 2009).

2